# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MITZI D., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | No. SA CV 18-01065-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Mitzi D. ("Plaintiff") appeals from the Social Security Commissioner's final decision denying her application for Supplemental Security Income ("SSI").[1] The Commissioner's decision is affirmed and this case is dismissed with prejudice.

## I. BACKGROUND

Plaintiff filed an application for SSI on February 6, 2015, alleging disability beginning on October 1, 2008. See Dkt. 16, Administrative Record ("AR") 489-98. After being denied initially and on reconsideration, Plaintiff

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

requested a hearing before an Administrative Law Judge ("ALJ"). See AR 423-48. A hearing was held on May 16, 2017, at which Plaintiff and an impartial vocational expert testified. See AR 340-64. On June 9, 2017, the ALJ issued a written decision finding Plaintiff ineligible for disability benefits. See AR 30-46.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her application date. See AR 35. The ALJ next found that Plaintiff had the severe impairments of degenerative disc disease and osteoarthritis of the right shoulder. See id. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, except that she could only occasionally reach overhead bilaterally and climb, and frequently balance, stoop, kneel, crouch, and crawl. See AR 36-40. The ALJ accordingly found that Plaintiff could perform her past relevant work as a hairstylist (listed as cosmetologist, DOT 332.271-010) both as generally and actually performed. See AR 40-41. In the alternative, the ALJ found that Plaintiff could perform jobs existing in the national economy, including cleaner (DOT 323.687-014), cashier II (DOT 211.462-010), and furniture rental clerk (DOT 295.357-018). See AR 41-42. Consequently, the ALJ concluded that Plaintiff was not disabled. See AR 42.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-7. This action followed. See Dkt. 1.

## II. DISCUSSION

The ALJ determined that Plaintiff had the RFC to perform light work but could only occasionally reach overhead bilaterally and climb, and frequently balance, stoop, kneel, crouch, and crawl. See AR 37. Two State agency physicians—Drs. John Godes and L. C. Chiang—opined that Plaintiff

2

could stand, walk, or sit for 6 hours in an 8-hour workday, and could only occasionally push and pull. See AR 418-19, 1166.

Plaintiff contends the ALJ erred by not including the standing/walking and pushing/pulling limitations in the RFC. The Court disagrees. These limitations fall within the light work exertional category. Social Security Regulation ("SSR") 83-10 provides, "a job is in [the light work] category when it requires a good deal of walking or standing," with "the full range of light work" requiring "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." "A job is also in [the light work] category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls." Id. Relying on SSR 83-10, courts have generally found that Plaintiff's limitations are consistent with a designation of light work. See Rakowski v. Comm'r of Soc. Sec., No. 16-00588, 2017 WL 3334010, at *11 (E.D. Cal. Aug. 4, 2017) (collecting cases finding that light work is consistent with 6-hour standing/walking limitation); Rocha v. Colvin, No. 12-0336, 2013 WL 1858602, at *4 (E.D. Wash. May 2, 2013) (finding light work consistent with "occasional pushing and pulling" limitation).

In any event, the Court would find that any error was harmless. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (holding that an error is harmless when it is "inconsequential to the ultimate nondisability determination"). As noted above, both Drs. Godes and Chiang opined that Plaintiff was limited to 6 hours of standing and walking and occasional pushing and pulling. The ALJ gave "great weight" to Dr. Chiang's opinion that Plaintiff "could perform a limited range of light work . . . except with manipulative [and postural] limitations." AR 39 (citing AR 418-19). And the ALJ gave "partial weight" to Dr. Godes' opinion for the sole reason that it did not include postural limitations and thus was <u>not restrictive enough</u>. Id. (citing AR 1166). The ALJ thus gave proper consideration to the medical opinions.

Additionally, the Court notes that the ALJ found that Plaintiff could perform her past relevant work as a hairstylist both as actually and generally performed. See AR 40. The DOT describes that position as such:

> Provides beauty services for customers: Analyzes hair to ascertain condition of hair. Applies bleach, dye, or tint, using applicator or brush, to color customer's hair, first applying solution to portion of customer's skin to determine if customer is allergic to solution. Shampoos hair and scalp with water, liquid soap, dry powder, or egg, and rinses hair with vinegar, water, lemon, or prepared rinses. Massages scalp and gives other hair and scalp-conditioning treatments for hygienic or remedial purposes [SCALP-TREATMENT OPERATOR (personal ser.) 339.371-014]. Styles hair by blowing, cutting, trimming, and tapering, using clippers, scissors, razors, and blow-wave gun. Suggests coiffure according to physical features of patron and current styles, or determines coiffure from instructions of patron. Applies water or waving solutions to hair and winds hair around rollers, or pin curls and finger-waves hair. Sets hair by blow-dry or natural-set, or presses hair with straightening comb. Suggests cosmetics for conditions, such as dry or oily skin. Applies lotions and creams to customer's face and neck to soften skin and lubricate tissues. Performs other beauty services, such as massaging face or neck, shaping and coloring eyebrows or eyelashes, removing unwanted hair, applying solutions that straighten hair or retain curls or waves in hair, and waving or curling hair. Cleans, shapes, and polishes fingernails and toenails [MANICURIST (personal ser.) 331.674-010]. May be designated according to beauty service provided as Facial Operator (personal ser.); Finger Waver

(personal ser.); Hair Colorist (personal ser.); Hair Tinter (personal ser.); Marceller (personal ser.); Permanent Waver (personal ser.); Shampooer (personal ser.).

DOT 332.271-010 (Cosmetologist). Common knowledge suggests that a hairstylist spends most of the day on his or her feet, not in a seated position doing pushing and pulling. See Gutierrez v. Colvin, 844 F.3d 804, 808-09 (9th Cir. 2016) (finding common knowledge of occupation a relevant consideration). Consequently, any error in not including a pushing and pulling limitation was inconsequential to the ultimate disability determination, as Plaintiff could still have performed her past relevant work as a hairstylist at least as generally performed.

## III.   CONCLUSION

The decision of the Social Security Commissioner is affirmed and this case is dismissed with prejudice.

IT IS SO ORDERED.

Date: September 16, 2019

DOUGLAS F. McCORMICK
United States Magistrate Judge